```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GWG MCA CAPITAL, INC.,

                    Plaintiff,

      -against-

NULOOK CAPITAL, LLC, INTERNATIONAL PROFESSIONAL
SERVICES INC, dba PSC, PSC FINANCIAL, a division of PSC,
ANTHONY MANNINO, JOEL NAZARENO, and ROBERT
AURIGEMA,

                    Defendants.
-------------------------------------------------------------------x
```

FILED
CLERK
8/8/2017 2:03 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
17-cv-1724(ADS)(GRB)

## APPEARANCES:

**Edward S. Stone, Esq.**
*Attorney for the Plaintiff*
99 Madison Avenue, Suite 5008
New York, NY 10016

**Moritt, Hock & Hamroff LLP**
*Attorneys for Michael Cardello III, as Receiver for the Defendants*
*Professional Services, Inc. d/b/a PSC and PSC Financial, a division of PSC*
400 Garden City Plaza, Suite 202
Garden City, NY 11530
  By: Stephen E. Turman, Esq.
    Alexander D. Widell, Esq., Of Counsel

**Law Offices of Paul S. Haberman LLC**
*Co-Counsel for the Defendant Joel Nazareno*
PO Box 167
Norwood, NJ 07648
  By: Paul S. Haberman, Esq., Of Counsel

**Law Office of Stephen Ghee, PLLC**
*Co-Counsel for the Defendant Joel Nazareno*
221-10 Jamaica Avenue, Suite 106
Queens Village, NY 11428
  By: Stephen Ghee, Esq., Of Counsel

**Goldberg Segalla LLP**
*Attorneys for the Defendant Robert Aurigema*
711 3rd Avenue, Suite 1900
New York, NY 10017
       By:   Louis A. Russo, Esq.
              Matthew S. Trokenheim, Esq., Of Counsel

**Randall S.D. Jacobs, Esq.**
*Attorney for the Defendant Anthony Mannino*
30 Wall Street, 8th Floor
New York, NY 10005

<u>NO APPEARANCE:</u>

**Nulook Capital, LLC**
*Defendant*

**SPATT, District Judge:**

The Court assumes the parties' familiarity with the facts and procedural history of this case.

On April 10, 2017, shortly after commencing this action, the Plaintiff filed an Order to Show Cause seeking provisional remedies against the Defendants International Professional Services Inc. d/b/a PSC and PSC Financial, a division of PSC (collectively, "PSC"), including the appointment of a receiver to assume operational control of those entities during the pendency of this litigation.

On April 26, 2017, after PSC defaulted on the Order to Show Cause and otherwise failed to appear in this action, the Court appointed Michael Cardello, III, Esq. to be the receiver.

On June 26, 2017, the former Executive Director of PSC, Joel Nazareno ("Nazareno"), filed a motion seeking dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, an order vacating the Court's appointment of a receiver. At or about the same time, the Defendant Robert Aurigema ("Aurigema") filed a motion for similar relief.

On July 19, 2017, the Court entered a scheduling order, which, in relevant part, extended the briefing schedule for Nazareno's motion until after a related issue in the bankruptcy court was resolved.

On August 2, 2017, the Court held an in-person conference, as which time the briefing schedule was modified so that the receiver would issue his initial report on August 23, 2017 and any anticipated motions and responses would follow on September 1, 2017 and September 8, 2017, respectively.

However, in the interim, the surrounding circumstances have apparently changed rather dramatically.

It appears that, upon assuming control of PSC, the receiver identified several operating shortfalls, which caused him to seek sources of funding to keep the company afloat. This funding ultimately came from the Plaintiff, who accepted a lien on PSC's assets as collateral for its cash infusion.

Then, on August 4, 2017, prior to Nazareno's motion seeking dismissal and/or removal of the receiver having been briefed and decided on the merits, the Plaintiff called due on its collateral, and when PSC could not pay, the Plaintiff foreclosed on its assets, terminating all employees and effectively repossessing the business.

In response to these developments, Nazareno has filed an Order to Show Cause seeking, in sum, a temporary restraining order directing the Plaintiff to cease and desist from taking any further actions to foreclose its lien on PSC's assets and restoring PSC to its condition immediately prior to August 4, 2017.

This motion is granted to the following extent.

The receiver was appointed in this case to preserve PSC's assets during the pendency of the litigation. This duty presupposed, perhaps incorrectly, that PSC was in a financial condition that would permit its continued viability throughout the course of this case.

However, in light of recent events, and to the extent such relief is even possible at this juncture, the Court is inclined to halt further efforts by the Plaintiff to assume control of PSC's business and to order the preservation of the status quo until such time as it can issue a reasoned,

merits-based decision on: the sufficiency of the pleading; the continued need and legal basis for a receiver; the right of PSC's shareholders to intervene in this action; whether the Plaintiff should post a bond *nunc pro tunc* to cover possible damages that may be incurred by PSC or any other party if there is a determination that the initial injunction and appointment of a receiver was improvident; and any other substantive issues that have arisen thus far.

To that end, until further Order of the Court, it is

**ORDERED** that the Plaintiff shall cease and desist from taking further actions to enforce any lien against PSC's assets; and it is further

**ORDERED** that the Plaintiff shall not transfer, liquidate, convert, encumber, pledge, loan, sell, conceal, dissipate, waste, disburse, assign, convey, or otherwise dispose of any assets of PSC pledged as collateral by the receiver to the Plaintiff; and it is further

**ORDERED** that the receiver shall, to the best of its ability, preserve any remaining assets of PSC during the pendency of this litigation; and it is further

**ORDERED** that in lieu of a hearing, the parties will address these issues in writing, after which the Court will endeavor to issue a prompt ruling. In this regard, the Court is directing that all responses to the pending motions by Nazareno and Aurigema to dismiss the complaint and/or remove the receiver will be due on or before August 23, 2017; and it is further

**ORDERED** that the receiver's initial report shall also remain due on August 23, 2017; and it is further

**ORDERED** that Nazareno and Aurigema may reply in further support of their motions to dismiss and/or remove the receiver by August 30, 2017, and may include in such replies any substantive response to the receiver's initial report; and it is further

**ORDERED** that surreplies responding to any new arguments raised by the movants in their replies responding to the receiver's initial report will be due no later than September 6, 2017; and it is further

4

**ORDERED** that the deadline for PSC's shareholders or any other allegedly interested party to seek to intervene in this action will be August 23, 2017, with responses due on August 30, 2017, and replies, if any, due on September 6, 2017; and it is further

**ORDERED** that this expedited briefing schedule will not be altered except upon a showing of extraordinary circumstances.

Finally, the Court reinstates its July 12, 2017 Short Form Order insofar as the Plaintiff's obligation to respond to the Defendant Anthony Mannino's counterclaim, as well as its deadline for seeking leave to amend the complaint, are extended until two weeks after the Bankruptcy Court resolves the pending application for relief from the automatic stay related to the co-Defendant Nulook Capital LLC.

It is **SO ORDERED:**

Dated: Central Islip, New York
August 8, 2017

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge