FILED
CLERK
8:19 am, Feb 26, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
GWG MCA CAPITAL, INC.

                Plaintiff,

          -against-

NULOOK CAPITAL, LLC, INTERNATIONAL
PROFESSIONAL SERVICES INC, d/b/a, PSC,
PSC FINANCIAL, a division of PSC,
ANTHONY MANNINO, JOEL NAZARENO,
and ROBERT AURIGEMA

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
17-cv-1724 (ADS)(GRB)

**APPEARANCES:**

**Edward Stone Law P.C.**
*Attorney for the Plaintiff*
99 Madison Avenue, Suite 5008
New York, NY 10016
    By: Edward Stone, Esq., Of Counsel

**Law Offices of Paul S. Haberman LLC**
*Attorney for the Defendants International Professional Services Inc.,*
*PSC Financial, & Joel Nazareno*
PO Box 167
Norwood, NJ 07648
    By: Paul S. Haberman, Esq., Of Counsel

**Law Offices of Stephen Ghee, PLLC**
*Attorney for the Defendants International Professional Services Inc.,*
*PSC Financial, & Joel Nazareno*
221-10 Jamaica Avenue, Suite 106
Queens Village, NY 11428
    By: Stephen Ghee, Esq., Of Counsel

**Randal S.D. Jacobs, PLLC**
*Attorney for the Defendant Anthony Mannino*
30 Wall Street, 8th Floor
New York, NY 10005
    By: Randall S.D. Jacobs, Esq., Of Counsel

1

**Goldberg Segalla LLP**
*Attorney for the Defendant Robert Aurigema*
711 Third Avenue, Suite 1900
New York, NY 10017
  By: Louis A. Russo, Esq.
    Matthew S. Trokenheim, Esq., Of Counsel

**Moritt Hock Homroff & Horowitz**
*Attorney for the Receiver*
400 Garden City Plaza
Garden City, NY 11530
  By: Alexander Widell, Esq.
    Stephen Turman, Esq., Of Counsel

**SPATT, District Judge**.

On March 28, 2017, GWG MCA Capital Inc. (the "Plaintiff"), commenced this civil RICO action against the current defendants, Nulook Capital, LLC, International Professional Services Inc., d/b/a PSC, PSC Financial, Anthony Mannino, Joel Nazareno ("Nazareno"), and Robert Aurigema (all together, the "Defendants").

On February 7, 2018, and February 8, 2018, respectively, the Plaintiff, and receiver Michael Cardello III, Esq. (the "Receiver"), filed Objections to the January 25, 2018 Report and Recommendation ("R&R") of Magistrate Judge Gary R. Brown entered in the above-captioned case.

The R&R addressed two motions filed by the Plaintiff seeking to hold non-parties Erin Kim, Christopher Hunt Walker, as well as Stephen Ghee, Esq., counsel for defendant Nazareno, in civil contempt. Specifically, Magistrate Judge Brown denied the motions, recommending that this Court "(a) deny the motions for civil contempt as moot, as the issues of non-compliance have largely been remedied; (b) deny the motion for civil contempt as against Mr. Hunt-Walker as the evidence does not clearly demonstrate contumacious conduct on his part and (c) deny the applications for the imposition of punitive fines." R&R at 11.

2

In the course of its review of a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

The R&R specified to the parties that failure to file timely objections to the R&R would constitute a waiver of those objections.  *See* 28 U.S.C. § 636 (b)(1); FED. R. CIV. P. 72(b).  Both the Plaintiff and the Receiver timely filed an objection to the R&R.

In their objections, the Plaintiff and the Receiver principally set forth new evidence that, they allege, was not before Magistrate Judge Brown.  At the core of both objections is that the R&R was issued "prematurely," without considering the additional evidence put forth in their objections.  A district court, sitting in review of a report and recommendation, may exercise discretion to consider new evidence that was raised in an objection for the first time.  *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3070.2, at 378 (1997) ("[28 U.S.C. § 636(b) and [FED. R. CIV. P. 72] both confirm, further, that the district judge is completely free to supplement the record developed by the magistrate judge with further evidence.").

Nonetheless, it is within the Court's discretion to refuse to consider evidence submitted after the issuance of the R&R.  *See, e.g.*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–38 (2d Cir.1994); *Pan American World Airways, Inc. v. International Bhd. of Teamsters*, 894 F.2d 36, 40 n. 3 (2d Cir.1990).  Accepting new evidence is disfavored without a "most compelling reason."  *Housing Works, Inc. v. Turner*, No. 00-cv-1122, 2005 WL 713609, at *2 (S.D.N.Y. Mar. 30, 2005).  This "would reduce the magistrate's work to something akin to a

3

'meaningless dress rehearsal.'" *Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal citations omitted). *See also Wesley v. Alexander*, No. 99-cv-2168, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge. … Such a fast shuffle of the orderly process of federal litigation should not be encouraged.").

The Court declines to consider such new evidence. In response to the instant motions, Magistrate Judge Brown conducted multiple hearings with the parties, meticulously reviewed voluminous evidence, and took a series of actions to ameliorate the alleged improper actions at issue. The sole aspect of the instant motions at issue in the R&R, the imposition of monetary sanctions, was sufficiently addressed by Magistrate Judge Brown. As noted in the R&R, Magistrate Judge Brown has alleviated the impact of the alleged improper conduct that is the subject of the instant motions using remedial discovery procedures. Sanctions to "deter" or "punish," as requested by the Plaintiff, are improper at this time. The Court will not consider the new evidence that the Plaintiff and the Receiver submitted with their objections. *See Hynes*, 143 F.3d at 656.

In general, the objections of any party to a report and recommendation on dispositive matters to which the relevant parties have filed timely and proper objections are reviewed *de novo*. *Id*. This is the case in the review of a recommendation concerning a contempt motion because motions for contempt require a final determination as to whether that party's actions are in violation of a court order and such proceedings are "independent and collateral proceedings for the purposes of appellate jurisdiction." *Kiobel v. Milson*, 592 F.3d 78, 87 (2d Cir. 2010)

4

(Cabranes, J., concurring) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, … the Court reviews the [R&R] only for clear error" (internal citations omitted)). *See, e.g.*, *Frankel*, 2009 WL 465645, at *2; *Pearson–Fraser v. Bell Atl.*, No. 01-cv-2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan.6, 2003).

FED. R. CIV. P. 72(b) requires the objecting party to file "specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). To comply with the FED. R. CIV. P., the objecting party "must point out the specific portions of the [R&R] to which they object." *U.S. Flour Corp. v. Certified Bakery, Inc.*, No. 10-cv-2522, 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012).

Despite the length of the Plaintiff and the Receiver's objections, they are not sufficiently specific to warrant *de novo* review. *See Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y.1992) ("[I]t is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider." (internal citations omitted)). Both objecting parties fail to specify the particular portions of Judge Brown's R&R that they take issue with or expressly contest any particular finding. *See Healing Power, Inc. v. Ace Cont'l Exports, Ltd.*, No. 07-cv-4175, 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008) ("An objection to [an R&R] in its entirety does not

5

constitute a specific written objection within the meaning of Rule 72(b)." (internal citations omitted)).

Pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, the Court has reviewed the R&R for clear error, and, finding none, fully concurs with Magistrate Judge Brown's R&R. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y.2007).

Nonetheless, in the interests of justice, the Court has afforded the Plaintiff and the Receiver a *de novo* review, although without specific objections to guide the Court. In this regard, the Plaintiff and the Receiver's only discernible objections that are based on the previous record are that (1) Magistrate Judge Brown may not have considered the Receiver's declarations in his R&R; and (2) Magistrate Judge Brown's Report does not distinguish between the relief sought in the two instant motions. In the Court's view, neither contention holds any merit. Any other objection is either immaterial to the findings in the R&R or otherwise irrelevant. After a thorough, *de novo* review of the R&R, the Court agrees with Magistrate Judge Brown's well-reasoned R&R.

The R&R is adopted in its entirety and the objections are denied.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 26, 2018

                                                __*/s/ Arthur D. Spatt*__

                                                ARTHUR D. SPATT

                                                United States District Judge